[Civ. No. 3385. First Appellate District, Division Two.—April 21, 1920.]

## FRANK SCHILLING, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Employment of Attorney by Applicant — Agreement for Attorney's Fees — Review of by Commission.—An applicant for compensation under the Workmen's Compensation Act is entitled to be represented by counsel in proceedings before the Industrial Accident Commission; and if an applicant, who has entered into a contract employing an attorney and agreeing to pay him a given fraction of the amount recovered as compensation for the services to be rendered, seeks to avoid the obligation of such contract after the services have been rendered and the benefits retained by him, the attorney is entitled to a fair and impartial hearing before the commission on the question of the reasonableness of the fee which the contracting parties had agreed should be paid.

[2] Id.—Reasonableness of Fee—Jurisdiction of Commission.—On such a hearing the jurisdiction of the commission is confined to the determination of the reasonableness of the fee to be paid to counsel for the legal services rendered to the applicant in connection with the proceedings before it, and does not extend to the determination of the legality of a contract for the payment for legal services rendered in independent proceedings, even though such contract is made payable out of the award of compensation made to the applicant by the commission.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission fixing compensation of counsel for legal services rendered to an applicant. Order annulled.

The facts are stated in the opinion of the court.

Frank Schilling, *in pro. per.*, for Petitioner.

Warren H. Pillsbury and A. E. Graupner for Respondents.

THE COURT.—Petitioner instituted this proceeding in *certiorari* to review the order of the Industrial Accident Commission fixing his compensation, after rehearing, for legal services rendered to an applicant for compensation

under the provisions of the Workmen's Compensation Insurance and Safety Act.

[1] It appears from the record that the applicant, having been injured while in the course of his employment, consulted petitioner, who is an attorney at law, and through his advice and counsel procured temporary compensation from the insurance carrier; that thereafter he obtained other employment, during the course of which he was again injured and again consulted petitioner; and that thereafter, as the result of further consultation with petitioner, he was advised that he might apply for permanent compensation as the result of the first injury upon medical testimony which it was deemed possible to procure at that time. This application was made through the advice and assistance of petitioner, and a partial hearing was had thereon before the commission, wherein the evidence was very unfavorable to the applicant; but thereafter, through the advice and activities of petitioner, a settlement was made with the insurance carrier for $650, which was approved by the commission and subsequently paid. It further appears that at the time of the approval of this settlement the commission fixed the compensation for petitioner's legal services at $45 without a hearing; that at the request of petitioner a rehearing was granted by the commission for the purpose of determining the reasonableness of the order fixing such fee. Petitioner claimed that he had an oral contract with the applicant for the payment of one-third of the amount recovered from the insurance carrier, which amount included payment for legal services rendered by him to the applicant in matters not directly connected with the proceeding in which the recovery was had. He insisted that this contract should not be declared void *in toto,* and that in any event the allowance of forty-five dollars was wholly unreasonable in payment for the legal services which he had rendered in the proceeding before the commission.

As disclosed by the record filed by respondent herein, the attitude of the referee to whom the rehearing had been referred by the commission was extremely hostile and prejudicial to the petitioner throughout the entire proceedings. Immaterial and irrelevant testimony was taken for the purpose of attacking the professional standing of petitioner; the referee took petitioner's witnesses out of his hands, con-

ducted their examination in his own way, refused to permit petitioner to cross-examine witnesses who were antagonistic to him, and studiously obstructed petitioner in his attempts to produce testimony favorable to his cause.

Counsel for respondent states that there is but one question involved in this proceeding: "What was the value of the services performed by petitioner . . . ?" or "Has the Industrial Accident Commission authority under sections 24(b) (1) and 24(d) of the Workmen's Compensation, Insurance and Safety Act, to fix the fees of attorneys representing applicants before it?" This court is unable to determine the value of the services performed by the petitioner because the referee to whom that matter was referred for adjudication failed to give petitioner a fair opportunity to make proof of such value. That the Industrial Accident Commission has authority under the sections cited to fix fees can scarcely be questioned. Section 24, subdivision (b) (1) authorizes the commission to fix and determine a reasonable attorney's fee for legal services pertaining to any claim for compensation or application filed therefor. No constitutional objection has been raised to this provision of the act, and it may, therefore, in this proceeding, be taken for granted that the power is one which the commission may lawfully exercise. Subdivision (d) of the same section provides that "no claim or agreement for the legal services or disbursements . . . in excess of a reasonable amount, shall be valid or binding in any respect, and it shall be competent for the commission to determine what constitutes such reasonable amount." No constitutional objection has been raised to this provision of the act and, for the purpose of this proceeding, it also may be assumed to be valid. But it must be evident that if the obligation of a contract to pay for legal services, which has been executed by parties legally competent to contract, is to be impaired by the order of the commission solely on the ground that it is unreasonable, some semblance of a judicial hearing must be accorded the contracting parties before such order is made. **[2]** Furthermore, the jurisdiction of the commission is confined to the determination of the reasonableness of the fee to be paid to counsel for the legal services rendered to the applicant in connection with the proceedings before it, and does not extend to the determination of the legality of a contract for the

payment for legal services rendered in independent proceedings, even though such contract is made payable out of the award of compensation made to the applicant by the commission.

An applicant for compensation is entitled to be represented by counsel in proceedings before the commission. There is no odium attached to counsel who render such services. Though the efforts of the commission to protect the interests of applicants for compensation are highly commendable, it is just as important that other persons coming within its jurisdiction be treated with equal justice. If a party who has entered into a contract employing an attorney and agreeing to pay him compensation for the services to be rendered seeks to avoid the obligation of such contract after the services have been rendered and the benefits retained by him, the attorney is entitled to a fair and impartial hearing before the commission on the question of the reasonableness of the fee which the contracting parties had agreed should be paid.

That petitioner in this case did not receive such a hearing is too plain to question. The award of forty-five dollars as compensation to petitioner for the services admitted to have been rendered by him in the proceedings before the commission is less than the ordinary charge made by attorneys for the collection of a promissory note without any form of legal proceedings. Upon the meager showing petitioner was permitted to make it is apparent that the fee allowed was unreasonably low for the services rendered. But, as heretofore stated, it is impossible for this court to determine what allowance should be made for the services rendered because the referee failed to permit petitioner to fairly present his evidence on that issue.

For these reasons the order of the commission is annulled. .