[Civ. No. 13639.   Second Dist., Div. Two.   Nov. 5, 1942.]

SAFWAY STEEL SCAFFOLD COMPANY, Petitioner, v.
INDUSTRIAL ACCIDENT COMMISSION, ALYCE
HELMICK et al., Respondents.

B. R. Ware for Petitioner.

Everett A. Corten, Allen L. Leonard and John Batistich for
Respondents.

McCOMB, J.—Petitioner seeks to annul an order of the
Industrial Accident Commission denying its petition for a
lien against any unpaid award of compensation allowed appli-
cant in the matter of *Helmick* v. *Safway Steel Scaffold Com-
pany and State Compensation Insurance Fund,* No. L. A.
49-468.

The essential facts are these:

June 11, 1940, respondent Industrial Accident Commis-
sion made an award in favor of Alyce Helmick for the wrong-
ful death of her husband, finding that the Safway Steel Scaf-
fold Company had been guilty of serious and willful mis-
conduct.   June 13, 1940, petitioner asked respondent commis-
sion for a stay of execution, which request was denied.   There-
after Alyce Helmick filed a certified copy of the findings and
award of June 11, 1940, of respondent commission as a judgment
with the clerk of the superior court and by levying on Safway
Steel Scaffold Company's bank account obtained $654.78.
March 10, 1941, on rehearing respondent commission revoked

its previous finding that petitioner herein, the Safway Steel Scaffold Company, was liable for serious and willful misconduct and made a finding that said petitioner was not liable for serious and willful misconduct. Petitioner was insured against liability with the State Compensation Insurance Fund. However, the policy did not insure against liability for petitioner's serious and willful misconduct.

This is the question presented for our determination: *Was petitioner entitled to a lien against the normal award made to Alyce Helmick for the recovery of the sum of $654.78, which she had obtained on the original award of the Industrial Accident Commission predicated upon its finding that petitioner herein was guilty of serious and willful misconduct, which finding was subsequently annulled?*

This question must be answered in the affirmative and is governed by the following rules:

(1) The Industrial Accident Commission may allow as a lien against any amount of compensation which remains unpaid the reasonable value of living expenses paid to the dependents of an injured employee subsequent to the injury for which compensation is sought. (§ 4903(c), Labor Code.)

(2) Compensation paid an injured employee under the mistaken belief that he is entitled to the same amounts to furnishing such employee with living expenses.

Applying the foregoing rules to the facts of the instant case, it is evident that the money which Mrs. Helmick obtained under the award of the Industrial Accident Commission subsequently annulled was, under the second rule, *supra,* in fact money furnished for living expenses, and therefore under the first rule above stated, respondent commission was authorized to allow a lien against any unpaid compensation due Mrs. Helmick.

The foregoing conclusions result in petitioner's receiving that which it had been improperly forced to pay and for which it was justly and rightly entitled to be reimbursed.

For the foregoing reasons the order is annulled and respondent commission is directed to take testimony and make an order in conformity with the views expressed in this opinion.

Moore, P. J., and Wood (W. J.), J., concurred.