[Civ. No. 17802. First Dist., Div. One. Nov. 27, 1957.]

STATE OF CALIFORNIA, SUBSEQUENT INJURIES FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Edmund G. Brown, Attorney General, and Gerald F. Carreras, Deputy Attorney General, for Petitioner.

Everett A. Corten, Daniel C. Murphy and Garcia & Wong for Respondents.

WOOD (Fred B.), J.—June 26, 1951, an employee sustained an industrial injury which resulted in total loss of sight in his right eye. In view of a previous injury to his left eye, the Subsequent Injuries Fund was joined as a party.

October 6, 1952, the respondent commission made awards against the Subsequent Injuries Fund and the employer's insurance carrier predicated upon a disability of 19.5 per cent

on account of the last injury and a disability of 100 per cent as a result of his last injury and his prior disability.

June 15, 1956, the Subsequent Injuries Fund petitioned the commission for redetermination of the amount of disability and for discharge from liability, alleging substantial improvement[1] in the condition of the employee's left eye, resulting in a combined total disability of but 44 per cent. After a hearing, the commission, on March 1, 1957, granted the petition, predicated upon a finding that the combined total disability is only 38 per cent.

April 12, 1957, upon reconsideration, the commission vacated its order of March 1, 1957, and affirmed and adopted its award of October 6, 1952, for lack of jurisdiction to modify an award after the lapse of five years from the date of the injury. On May 23, 1957, the fund's petition for reconsideration of the order of April 12 was denied.

█ The fund's petition for modification was filed before but the order granting it was made after the expiration of five years from June 26, 1951, the date of the injury. Upon the expiration of that five-year period the commission lost jurisdiction to modify its award. (Lab. Code, § 5804.) As a practical matter, in view of the 10-day notice of hearing requirement of section 5502 of the Labor Code, a petition filed on the eleventh day from the very end of the five-year period (as was this petition) really gave the commission no time to modify while it still had jurisdiction to modify its award of 1952.

This question was fully considered and decided in *Sutton* v. *Industrial Acc. Com.*, 46 Cal.2d 791 [298 P.2d 857]. There is no need for us to repeat or to elaborate upon the analysis which was therein so clearly and cogently made and expressed.[2]

---

[1]Specifically, the fund averred: ''Your petitioner has now ascertained that there has been a substantial improvement in the condition of the applicant since the issuance of the above-named Findings and Award; that the factors of permanent disability from which the applicant suffers are not presently as great as at the time of the determination of said Findings and Award and Rating; and that it now appears that said Findings and Award and Rating were, in fact, prematurely made.''

[2]We note in passing that the recent decision in *Gonzales* v. *Industrial Acc. Com.*,* (Cal.App.) 316 P.2d 736, did not involve this precise question.

There, upon a petition to reopen, the commission made an award within but near the end of five years from the date of the injury. It granted a petition for reconsideration which was filed within the prescribed 20 days and within five years from the date of the injury.

The decision upon reconsideration was filed, as it happened, more than five years after the date of injury. The court held that sections 5900 and 5903 of the Labor Code (not § 5804) governed in such a case.

---

*A hearing was granted by the Supreme Court on December 17, 1957.

The fact that here the Subsequent Injuries Fund seeks a modification whereas in the Sutton case the employer's carrier sought a modification is not a differentiating factor between that case and this case. Section 5803 of the Labor Code deals with the "continuing jurisdiction" of the commission "over all its orders . . . made . . . under the provisions of this division." Payments from the Subsequent Injuries Fund are sanctioned by the "provisions of this division" (§§ 4750-4755). Section 5804 puts a limit on that continuing jurisdiction: "No award of compensation shall be rescinded, altered or amended after five years from the date of the injury." Moreover, sections 4751, 4753, 4753.5, 4754 and 4755 use the word "compensation" when referring to payments from the Subsequent Injuries Fund.

Petitioner would distinguish the Sutton case upon the further ground that there the carrier was merely seeking to cut down the amount of its liability while here the fund seeks to wipe out any and all liability. We see no merit in this point.

The fund argues that since the employee may file a claim against it within the five-year period and have it heard and determined after the expiration of that period, the fund should have the same privilege. This contention was considered and answered in the Sutton case, pointing up the difference between an employee's application filed pursuant to section 5410 and the jurisdiction of the commission over an award it has made, jurisdiction to modify or rescind the award.

The fund seems to suggest that the employee committed fraud (malingering), from the consequences of which the fund should be relieved. The fund did not plead fraud in its belated petition to reopen the case, nor does the record demonstrate to us that fraud was proved before or found by the commission. Moreover, the kind of fraud the fund is talking about would be intrinsic, not extrinsic, in nature and even in a court of equity would not furnish a basis for a collateral attack upon a judgment that had become final.

The order under review is affirmed.

Peters, P. J., and Bray, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 23, 1958.