[Civ. No. 18238. First Dist., Div. Two. Aug. 14, 1958.]

LOUIS GARCIA et al., Petitioners, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Garcia & Wong for Petitioners.

Everett A. Corten, Daniel C. Murphy and Melvin S. Witt for Respondents.

KAUFMAN, P. J.—Petitioners, attorneys for the successful employee, seek review and annulment of an order made by the respondent commission denying their petition for attorneys' fees.

Initially, the respondent commission had issued an order on October 6, 1952, awarding to the employee, benefits ($2,340) based on a permanent disability rating of 19½ per cent for his industrial injury of June 26, 1951. The respondent commission also found that the employee suffered a permanent disability of 100 per cent as the result of the combination of the permanent disability caused by the industrial injury of June 26, 1951, and the permanent disability preexisting the industrial injury. Benefits ($30 a week commencing one week after the termination of the 78 weekly payments due from the carrier, and continuing until 322 weekly payments had been made to the employee totaling $9,660, and thereafter a life pension at the rate of $18.46 a week) were accordingly awarded to the employee from the Subsequent Injuries Fund (hereinafter referred to as the Fund) based on a preexisting permanent disability rating of 80½ per cent.

On June 15, 1956, 11 days before the lapse of five years from the date of the employee's industrial injury, the Fund simultaneously filed two petitions to reopen. One was for the purpose of reducing the 80½ per cent preexisting permanent disability rating, and the other for the purpose of dismissing the Fund from any and all liability. As a result of these filings, payments to the employee, as provided for in the award issued on October 6, 1952, were stopped, and no payments provided for under that award have been made to the employee.

On July 10, 1956, more than five years after the date of

injury, petitioners were substituted as attorneys for the employee for the purpose of resisting the Fund's petitions to reopen. Petitioners represented the employee in the following proceedings, all of which took place more than five years after the injury:

(1) They filed an answer to the Fund's petition to reopen.

(2) Thereafter, they represented the employee at two hearings before the respondent commission. At the conclusion of these hearings, the referee granted the petition of the Fund dismissing and discharging it from any further liability.

(3) Thereafter, they filed a petition for reconsideration on the employee's behalf which the Fund answered.

(4) Thereafter, they filed a reply to the Fund's answer to petition for reconsideration. On April 12, 1957, the respondent commission affirmed its award of October 6, 1952, for lack of jurisdiction to modify an award after the lapse of five years from the date of injury. The Fund filed a petition for reconsideration.

(5) Thereafter, they filed an answer to the Fund's petition for reconsideration. The Fund's petition for reconsideration was denied by the respondent commission. The Fund then petitioned this court (Div. One) for a writ of review.

(6) Thereafter, they filed an answer to the Fund's petition for writ of review. They also participated in the oral argument on the writ of review before the District Court of Appeal. The commission's decision was affirmed in *Subsequent Injuries Fund* v. *Industrial Acc. Com., and Santiago,* 155 Cal.App.2d 551 [318 P.2d 194], on November 27, 1957. The Fund then filed a petition for hearing before the Supreme Court.

(7) Thereafter, they filed an answer to the Fund's petition for hearing before the California Supreme Court. The Supreme Court denied the Fund's petition for hearing on January 23, 1958.

Petitioners, on February 13, 1958, formally requested via petition for attorneys' fees, that the respondent commission determine and allow them $500 for services rendered in their capacity as attorneys for the successful employee. Previously, on December 9, 1957, petitioners requested by letter that the respondent commission make a supplemental award in connection with this matter to provide for attorneys' fees. Petitioners allege that as of February 13, 1958, the accrued payments, due and payable, under the order of October 6, 1952, to the employee were $2,550.

On February 24, 1958, the respondent commission denied petitioners' petition for attorneys' fees, for the reason that it was without jurisdiction to allow a lien for attorneys' fees. Petitioners filed a petition for reconsideration which was subsequently denied by the respondent commission, and they now seek relief here via a petition for writ of review.

The sole question presented here is whether or not the respondent commission was correct in its determination that it had no jurisdiction five years after the date of injury, to allow a lien for attorneys' fees to the petitioners. This question is one of first impression.

In connection with the continuing jurisdiction granted to the commission by Labor Code, section 5803, respondent commission submits that such continuing jurisdiction cannot be utilized in the instant case because of the five-year limitation contained in Labor Code, section 5804. Section 5804 prohibits alteration or amendment of a prior award of compensation after five years. An allowance of a lien for attorneys' fees would constitute an alteration or amendment of the prior award of compensation made to the employee on October 6, 1952. Therefore, section 5804 prohibits the commission from allowing a lien for attorneys' fees in the instant case. In other words, allowance of the lien would constitute an alteration or amendment of the 1952 award, inasmuch as the prior award would have to be amended or altered to provide a specific amount for the attorneys' fees, and to provide for reduction of such amount from the compensation payable to the applicant.

Section 4901 of the Labor Code provides that "[n]o claim for compensation nor compensation awarded, adjudged, or paid, is subject to be taken for the debts of the party entitled to such compensation except as hereinafter provided." One of the exceptions to this general provision is subdivision (a) of section 4903 of the Labor Code, which provides as follows: "The commission may determine, and allow as a lien against any amount to be paid as compensation: A reasonable attorney's fee for legal services pertaining to any claim for compensation either before the commission or before any of the appellate courts, and the reasonable disbursements in connection therewith." This provision, on its face, extends the continuing jurisdiction of the commission beyond the provisions of sections 5803 and 5804, of the Labor Code. A lien may be allowed for a reasonable attorney's fee for legal services pertaining to any compensation claim before any of the ap-

pellate courts. The lien may be allowed against the Fund as well as against the employer or his carrier. (*Cf. Gonzales* v. *Industrial Acc. Com.*, 50 Cal.2d 360 at pp. 363-364 [325 P.2d 993].)

The commission has limited discretion with respect to the allowance or disallowance of lien claims. The fact that section 4903 of the Labor Code provides that the commission "may" allow a lien, despite the definition of "may" as "permissive" by section 15 of the Labor Code, does not invest the commission with power arbitrarily to disallow a proven lien. It may do so on proper grounds, but it does not have discretion to disallow a lien where it is established as in the instant case that the attorneys did furnish services of value within one of the categories specified in section 4903 of the Labor Code. (*Bryant* v. *Industrial Acc. Com.*, 37 Cal.2d 215 at 220 [231 P.2d 32].)

"The Commission frowns upon fee agreements as indication of a possible intent to exact a larger fee than that allowed by the Commission. For many years it was the custom of Commission referees to inquire at the beginning of each case as to the existence of any fee arrangement between the claimant and his attorney, and this practice is still followed by some referees. Attorneys generally have become aware of the commission's attitude on this subject and only rarely are fee agreements now encountered." (Hanna, "The Law of Employee Injuries etc.," vol. 1, p. 326.)

"Fee agreements are not forbidden by the language of Labor Code, section 4906, nor by other statutes. On the contrary, their legality is tacitly recognized, both by statute and by court decision. However, the restriction of their validity to such sums as the commission may determine to be reasonable effectively eliminates such agreements as instruments of value in compensation cases. They are not improper *per se,* but are ordinarily futile in view of the commission's power to determine the value of services and to fix fee allowances." (Hanna, "The Law of Employee Injuries etc.," vol. 1, p. 323.)

"The attorney's lien is allowed as a rule, without application, based upon services rendered. Supplemental allowances are made, upon application, if additional services were rendered after the original fee allowance. Any charge, claim or agreement for services in excess of a reasonable amount is not valid or binding, the question of reasonableness being for the Commission to determine. An attorney is entitled to have

the value of his services carefully appraised in the light of the responsibility assumed, care employed, time devoted and results obtained, and although he is not obligated to present evidence as to the value of his services, he must be afforded an opportunity to do so if he wishes.'' (Hanna ''The Law of Employee Injuries, etc.,'' vol. 2, pp. 123-124.)

It is true, apparently, that in the instant case the employee signed his consent to the lien for attorneys' fees ($500), thereby indicating his willingness to pay the fee. If the employee were to refuse to pay the fee, petitioners could bring suit in the civil courts. Therefore, the commission maintains, petitioners' belief that their fee cannot be collected is unjustified. This procedure in certain situations, is pregnant with some risks to an attorney. If the fee charged by the attorney is excessive, the commission may issue an order to show cause why such excess fee should not be returned to the claimant-employee. If the attorney is ordered to make restitution and is unable to promptly do so, action looking toward suspension or disbarment will be taken by the commission, in addition to the possibility of other action through the State Bar. (See *Goldstone* v. *State Bar,* 214 Cal. 490 [6 P.2d 513, 80 A.L.R. 701]; *Barbee* v. *State Bar,* 213 Cal. 296 [2 P.2d 353].)

█ The Workmen's Compensation Act is to be liberally construed for the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment, and injured employees as a class will receive better and more willing legal service if renumeration for such services from an employer or insurance carrier is assured to attorneys. The result reached by the respondent commission in the instant case is arbitrary and inequitable. As a practical matter, holding that counsel are not entitled to a lien for the reasonable value for their services, would tend to deny employees under similar facts and circumstances the aid of counsel.

In *Pacific Employers Ins. Co.* v. *French,* 212 Cal. 139 at page 141 [298 P. 23], the court said: '' 'Any party in interest may file with the Commission his application, in writing, stating the general nature of any dispute or controversy concerning compensation, or concerning any right or liability arising out of, or incidental thereto, jurisdiction over which is vested by the Compensation Act in the Commission. (§ 17a.) The Commission may fix and determine and allow as a lien against

any amount to be paid as compensation, the reasonable expense incurred by or in behalf of the injured employee, as defined in subsection (a) of section nine. (§ 24[b][2].) In any case where it appears that a lien should be allowed upon a claim to which the lien remedy applies, the Commission may order the payment of such claim to be made directly to the person entitled, and the award to such person shall constitute a lien against unpaid compensation due at the time of service of said award. (§ 24[c].)

" 'The provisions of the statute to which we have referred clearly indicate that the determination by the Commission of the amount of the reasonable value of medical services rendered, and the imposition of a lien therefor, presupposes the making of an award to the employee or to his dependents entitled to compensation. The lien is wholly incidental to the principal award, and without such award there can be no lien. . . .' " (*Independence Indem. Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 397 at pp. 401-403 [41 P.2d 320].)

The award of compensation to the employee is not altered or amended within the intended meaning of sections 5803 and 5804 by the allowance of the attorneys' lien after the five-year period. The ultimate award of compensation in the instant case is the same as the award of compensation that was originally ordered to the employee by the respondent commission. The imposition of the attorneys' lien after the five-year period would only amount to a reallocation or redistribution of the funds to be paid under the original award of compensation, i.e., the award of compensation is the same, only its payments are ultimately redirected by the imposition of a charge upon the award as security for the reasonable fee allowed by the commission for legal services performed on behalf of the employee by his attorneys. The commission's reasoning, if logically applied, would deny a lien for the reasonable living expenses of the injured employee's wife or minor children, where such employee has deserted or is neglecting his family after the five year period. (See Lab. Code, § 4903, subd. (e).)

"In order that the beneficial purposes of the Workmen's Compensation Law may not be destroyed, the provisions on limitation should not be interpreted in a manner which will result in the right being lost before it accrues unless the language of such provisions clearly compel such interpretation. (Citations.)" (*Bianco* v. *Industrial Acc. Com.*, 24 Cal.2d 584 at p. 590 [150 P.2d 806].)

The order of the respondent commission denying attorneys' fees is annulled, and the respondent commission is directed to award petitioners a lien for the reasonable value of their services against the award to the employee herein.

Dooling, J., and Draper, J., concurred.

The petition of respondent Industrial Accident Commission for a hearing by the Supreme Court was denied October 10, 1958.