[Civ. No. 20693. First Dist., Div. Three. Feb. 4, 1963.]

COUNTY OF CONTRA COSTA, Petitioner, v. INDUS-
TRIAL ACCIDENT COMMISSION and DAVID
WILKERSON, Respondents.

John A. Nejedly, District Attorney, John D. Hatzenbuhler
and Verne H. Pynn, Deputy District Attorneys, for Petitioner.

Everett A. Corten and Rupert A. Pedrin for Respondents.

DRAPER, P. J.—This writ of review was issued to deter-
mine whether the Industrial Accident Commission has dis-
cretion to reduce a county's lien for public assistance paid to
the injured workman during his disability.

Respondent Wilkerson was injured in an industrial accident August 31, 1960. He was awarded compensation for temporary disability, liability for which was terminated as of July 31, 1961. Thereafter, Wilkerson was awarded $972.51 as permanent disability indemnity. Meanwhile, on July 12, 1961, petitioner county filed its request for allowance of a lien for public assistance paid by the county to Wilkerson. It is undisputed that the county did advance $1,047.15 to Wilkerson for living expenses of himself and his family in the period September 1960 to June 1961 and that the advances were so used. Nevertheless, the commission allowed a lien for but $450. Lien for attorney's fees, amounting to $100 also was allowed, and is not attacked here. This disposition of the lien claims left $422.51 payable to Wilkerson. The county's petition for reconsideration was denied, and this petition for writ of review followed.

"The commission may determine, and allow as a lien against any amount to be paid as compensation: . . . (c) The reasonable value of the living expenses of an injured employee or of his dependents, subsequent to the injury" (Lab. Code, § 4903). Although this section does not cover all items which might be termed living expenses (*Department of Mental Hygiene* v. *Industrial Acc. Com.*, 183 Cal.App.2d 832 [7 Cal. Rptr. 257]), the commission has long recognized (*Hemming* v. *Industrial Acc. Com.*, 13 Cal.Comp. Cases 23), and here concedes, that payments by a county of indigent aid are properly the subject of such a lien.

The commission argues that it has discretion to limit allowance of liens so that "the employee is not inordinately discomfited in providing for himself and his family." ██ But once it has determined the amount due the lien claimant, the commission has discretion neither to deny the lien nor, save for prorating where the award is insufficient to cover all liens, to reduce it (*Bryant* v. *Industrial Acc. Com.*, 37 Cal.2d 215 [231 P.2d 32]; and see *Garcia* v. *Industrial Acc. Com.*, 162 Cal.App.2d 761 [328 P.2d 561]). It is for the Legislature, rather than the courts, to determine whether the discretion here sought should be vested in the commission. We cannot amend the statute to grant such discretionary power, and the Legislature has notably failed to do so in the 11 years since *Bryant* was decided.

At oral argument, the commission contended that *Bryant* applies to liens for unemployment compensation disability

payments, and does not limit the commission's discretion to deny liens of the other types provided for by section 4903. We cannot agree. While the *Bryant* lien was for unemployment disability payments, the opinion deals broadly with all the subdivisions of section 4903. This is made clear by that court's rejection of the argument that the section, "which has meant just what it says as to paragraphs (a) through (e), acquired a new meaning in 1947 as to paragraph (f) alone." (37 Cal.2d at p. 223.)

 The commission also argues that the form of petitioner's lien claim bars resort to the award for permanent disability. The claim is perhaps inartfully drawn, and seeks a lien against such sum as "is due for the same period during which public assistance was extended." The view that this language waives lien as to any award accruing to Wilkerson after the last payment of public assistance is, however, negated by express assertion of a right against disability payments "either temporary or permanent." Moreover, the present claim of waiver was neither made before the commission nor relied upon by it in its ruling. It comes too late for recognition.

The award is annulled, with direction to allow the lien of petitioner to the full amount of the excess of the permanent disability benefit over the amount allowed as a lien to applicant's attorney.

Salsman, J., and Devine, J., concurred.