[Civ. No. 15870. Third Dist. Aug. 24, 1976.]

DEPARTMENT OF EMPLOYMENT DEVELOPMENT, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD, EDUARDO A. GARCIA et al., Respondents.

**COUNSEL**

Evelle J. Younger, Attorney General, and James D. Claytor, Deputy Attorney General, for Petitioner.

Rose, Klein & Marias, Robert E. Buch, Metz, Weber & Johnson and C. Ray Myers for Respondents.

**OPINION**

**EVANS, J.**—By this proceeding, Employment Development Department (petitioner) seeks annullment of an order approving a compromise and release which denied a lien asserted by petitioner.

The facts are not in dispute. Sequentially, they developed as follows:

On April 1, 1974, Eduardo Garcia, employed as a butcher, sustained an industrial injury to his back. The employer's insurance carrier (Leatherby Insurance Company) voluntarily furnished medical care and paid temporary disability compensation of $119 per week until July 11, 1975. On that date, Garcia was again injured, this time in a nonindustrial accident. Upon learning of the nonindustrial injury, Leatherby stopped the temporary disability payments. On July 23, 1975, Garcia, without income because of Leatherby's action, filed a claim with petitioner for unemployment compensation disability benefits. Thereafter, petitioner began unemployment disability payments to Garcia as a result of the nonindustrial injury. The payments were made retroactive to July 14, 1975. On August 7, 1975, Garcia filed a claim for benefits with respondent Workers' Compensation Appeals Board (Board). The petitioner filed an opening and amended notice and request for allowance of lien for the temporary unemployment disability payments previously made and for those to be made in the future. On December 2, 1975, a "Stipulations with Request for Award" was executed by Garcia, his employer, and Leatherby, the carrier. The stipulation provided that Garcia's industrial injury entitled him to temporary disability payments of $119 per week from July 12, 1975, to the date of the stipulation and to continue thereafter. The stipulation and request further provided, "The lien of Employment Development Department is to be denied since payments made by that agency went for disability caused by a non-industrial auto accident on July 12, 1975 . . . ." On December 2, 1975, the Board granted the request for temporary disability and denied the lien requested by petitioner. A petition for reconsideration was promptly filed and denied by the Board. As a result of the lien denial, Garcia received duplicate payments from petitioner and the workers' compensation program from July 12, 1975, through November 30, 1975.

■ Petitioner seeks review of the Board's order denying a lien for the unemployment compensation disability benefits paid and asserts the Board acted in excess of its powers.

The sole issue presented is whether a worker who suffers separate and independent injuries as the result of industrial and nonindustrial accidents may concurrently receive duplicate payments for the same wage loss.

The question we confront arises out of the statutory provisions made for liens on a worker's compensation award. Labor Code section 4903 specifies the appeals board's power to allow liens and prescribes the allowable liens. That section provides in pertinent part:

"The appeals board may determine, and allow as liens against any sum to be paid as compensation, . . .

" . . . . . . . . . . . . . . . . . .

"(f) The amount of unemployment compensation disability benefits which have been paid under or pursuant to the Unemployment Insurance Code in those cases where, pending a determination under Division 4 of this code, there was uncertainty whether such benefits were payable under the Unemployment Insurance Code or payable hereunder; provided, however, that any lien under this subdivision shall be allowed and paid as provided in Section 4904."

Labor Code section 4904 in pertinent part provides: " . . . In determining the amount of lien to be allowed for unemployment compensation disability benefits under subdivision (f) of Section 4903 the appeals board shall allow such lien in the amount of benefits which it finds were paid *for the same day or days of disability for which an award of compensation for temporary disability indemnity is made. . . .*" (Italics added.)

The contention of Garcia, the worker, that a lien for unemployment disability benefits paid may only be allowed for the same day or days of disability arising out of the same accident or injury, presents a problem of statutory interpretation.

From our review of the statutes, and available decisional authority, we conclude that the legislative intent was to provide for a lien regardless of the source of injury if duplicate compensation is paid for the same days of unemployment.

The Supreme Court in *Garcia* v. *Industrial Accident Com.* (1953) 41 Cal.2d 689 [263 P.2d 8], in discussing the legislative history underlying unemployment disability benefits, stated at pages 692-693: "[W]e emphasized that the legislative purpose in providing unemployment disability benefits for periods and under circumstances not covered by workmen's compensation obviously was not to create duplicating compensations

but, rather (in the language of the report of the Senate Interim Committee on Unemployment Insurance, Senate Journal, May 7, 1945, p. 126), was to provide an insurance program 'to pay benefits to individuals who are unemployed because of illness or injury *for which no compensation is otherwise made.*' [Italics in original.] The legislative intention that a workman shall be compensated in part for the wage loss resulting from unemployment due to sickness or injury both where the disability is industrially caused (covered by the Workmen's Compensation Act) and where it is not so caused (covered by the Unemployment Insurance Act), but that he shall not be entitled to unemployment compensation disability benefits *in addition* to workmen's compensation for the same period of unemployment, is manifest in the substance of the respective statutes. . . ." [Italics in original.]

"Both the Workmen's Compensation Act and the Unemployment Insurance Act are remedial statutes and are to be liberally construed for the purpose of accomplishing their objects. Obviously, a primary and common object is the prompt cash assistance of a disabled workman. To that end, the immediate payment of benefits under the Unemployment Insurance Act where there is a question whether benefits are payable under the workmen's compensation law, is highly desirable."

The analysis made by the Supreme Court in the *Garcia* case was expanded upon in *California Comp. Ins. Co.* v. *Ind. Acc. Com.* (1954) 128 Cal.App.2d 797 [276 P.2d 148, 277 P.2d 442]. The court there, in considering the same question as presented in *Garcia, supra,* stated at page 806: "The statutes here under examination are part of a comprehensive, integrated program of social insurance which, operating in their respective spheres, are calculated to alleviate the burden of a loss of wages by a protected employee during a particular period of time. The contingencies foreseen are loss of wages through (1) involuntary unemployment; (2) industrially caused disability; and (3) disability of a nonoccupational nature. The significant aspect of this legislation concerns *the fact that wages have been lost*; the cause of such wage loss is the touchstone which determines which category of remedial legislation is germane. . . . Though enacted at different times and thus lacking the more perfect meshing of a uniform act, the tenor of the statutes and the recent cases construing them show that they are interrelated by the common principle implicit therein of *permitting only a single recovery of benefits* by an employee in a case involving temporary partial disability." (Italics added.)

The language of the statutes themselves reveals the legislative intent. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) Section 4904 provides that in determining the amount of the lien to be allowed for unemployment compensation disability benefits, the appeals board should allow such lien in the amount paid for the same day or days of disability for which an award of compensation of temporary disability is made. Had the Legislature intended to allow duplicate awards for different disabilities that intent could have been made clear by the omission of the words "day or days" and utilization of other language such as "for the same disability for which an award of compensation for temporary disability is made." We will not presume such an intent from the language used.

The language is clear and unambiguous and without need of interpretation. The statutory purpose is not to make the employee whole for his loss resulting from each injury suffered, but is to prevent him and his dependents from becoming public charges during the period of his disability. The compensation provided is for wage loss, not for disability. (See *Bryant* v. *Industrial Acc. Com.* (1951) 37 Cal.2d 215 [231 P.2d 32]; *Garcia* v. *Industrial Accident Com., supra,* 41 Cal.2d 689; *West* v. *Industrial Acc. Com.* (1947) 79 Cal.App.2d 711, 721 [180 P.2d 972]; *Dept. of Employment* v. *Ind. Acc. Com.* (1964) 227 Cal.App.2d 532, 545 [38 Cal.Rptr. 739].)

Garcia asks us to distinguish the cited decisional authority on the basis that in each instance, the worker suffered but one injury, the industrial accident, while he (Garcia) suffered a subsequent disabling nonindustrial accident. We consider such distinction to be without a difference; the analysis and interpretation of the statutory scheme previously judicially determined is here applicable.

The petitioner is entitled to a lien for the period duplicate unemployment compensation benefits and workers' compensation benefits were paid for the nonindustrial and industrially incurred injuries.

The order denying the request for lien by Employment Development Department is annulled, and the cause remanded to the Board for further proceedings consistent herewith.

Puglia, P. J., and Regan, J., concurred.