[Civ. No. 15275. Second Dist., Div. Three. July 31, 1946.]

BYRON R. BENTLEY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, CHARLES T. MARTIN et al., Respondents.

Byron R. Bentley, in pro. per., for Petitioner.

R. C. McKellips, Edward A. Sarkisian and John A. Rowe, Jr., for Respondents.

SHINN, J.—A writ was issued herein for review of an award of attorney's fees by the Industrial Accident Commission. A return was made and the matter has been argued and submitted. The record shows that petitioner, an attorney at law, represented one Charles T. Martin as an applicant for compensation for an industrial injury sustained while working for Douglas Aircraft Company, Inc. The evidence at the hearing, including that furnished by medical reports of physicians, disclosed that petitioner therein, while going upstairs, slipped and fell, landing on the heel of his hand, twisting his body and injuring his neck. Following the injury he suffered pains in the neck and violent headaches which came on at least every 24 hours. The injury occurred on August 27, 1945, and the hearing was on October 25, 1945. At the hearing Mr. Martin was represented by his attorney and the defendants were also represented by counsel. A medical report was received from the defendants' physician, who first examined Mr. Martin. This report showed that Mr. Martin had been examined on August 28 and 31 and September 4 and that he appeared practically well but was instructed to return for further medication if his pain returned. Mr. Martin testified before the referee, being questioned by his own attorney and the attorney for the defendants. It appeared from his testimony that in addition to other injuries he had a tremor in both hands. It was arranged that he should be examined by a neurologist and he submitted to such examination upon two occasions. A detailed report was made of these examinations, which concluded with the statement, ''From the history and findings to date, there is definite evidence of pathological change in the left parietal area,'' and further observation was recommended. On October 25 the referee made findings to the effect that applicant had suffered temporary total disability from August 27 to and including October 25, 1945, ''and continuing,'' and fixed compensation at maximum earnings of $30 per week. An attorney's fee of $25 was recommended. On December 5 an award was made in accordance with the findings of the referee. Petitioner herein applied for a rehearing as to the award of attorney's fees. The petition was passed upon by the same referee, who recommended that it

be denied and it was denied. In his report the referee based his recommendation upon the fact that petitioner had offered no evidence as to the amount of work he had done or as to the value of his services, saying, "We cannot under these circumstances evaluate the value of attorney's fees in any case," and the referee then stated that he was allowing the minimum fee of $25.

The evidence before the referee disclosed the probability that some neurological injury had been sustained, and a further examination was ordered with respect to such claimed injury. The reports were made, and were studied by Mr. Martin's attorney. Mr. Martin considered that he had need for an attorney, sought the services of petitioner, who accepted the employment and rendered competent and efficient services. Defendants did not admit the seriousness of the injuries, and we cannot say that the results would have been as favorable to Mr. Martin if he had not had an attorney to advise him and present his case. Certainly it was no mere formal matter such as would have warranted only the award of a minimum fee.

The fee allowed was quite inadequate under the circumstances, but more than that is involved in the instant proceedings. Attorneys appearing in such matters may not contract for fees in excess of those awarded by the commission, and cannot expect such fees to be large. But they are entitled to have the commission carefully appraise the value of the services which are shown to have been rendered.

The importance of the case to the applicant, the responsibility assumed by the attorney, the care employed by the attorney to bring forth injuries of a nature not readily discernible and not admitted, the time devoted to the case and the results obtained all appear, although perhaps not fully, in the proceedings before the commission. It is the privilege of attorneys to supplement the facts developed in the course of the proceedings by other evidence as to the extent and value of the legal services. If they offer no additional evidence, they are entitled to have their services carefully appraised by the referee in the light of the facts which are known to him. They are entitled to have a fee fixed from a consideration of all the factors which we have mentioned.

It should not be necessary, except in unusual cases, for an attorney to offer evidence as to the value of his services,

but he should in all cases have the assurance that his fee will be fixed in accordance with standard practices and that it will not be for a lesser amount than is customarily awarded for comparable services. He is not to be regarded in default nor as consenting to the fixing of a minimum fee by reason of his failure to offer evidence as to the value of his services. The record which was before the referee and the commission shows that the services of the attorney involved considerable responsibility and that they were of substantial value. ■ If an award of attorney's fees was not to be based upon the facts which were known to the referee and the commission, the attorney should have been so advised and should have been allowed an opportunity to offer evidence as to all matters properly to be considered in fixing his fee. His petition for ·rehearing should have been granted for that purpose.

■ Petitioner requested, upon rehearing, that his fee be fixed at $100, and he insists that that would be a fair fee. We think we should not express any opinion upon that subject, inasmuch as the commission, upon a reconsideration of the matter, will review the evidence and give consideration to any evidence in addition to that which is before us. We deem it important, however, that attorney's fees in such matters should not be fixed with the sole purpose in view of saving the applicant from expense. The basis upon which fees are fixed should not be so low as to discourage competent attorneys from accepting employment in industrial accident matters. (*Schilling* v. *Industrial Acc. Com.*, 47 Cal.App. 190 [190 P. 373].)

The award of $25 as attorney's fees is annulled and the commission is directed to proceed to make a new award in accordance with the views herein expressed.

Desmond, P. J., and Wood, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 19, 1946.