[Civ. No. 13311. Fourth Dist., Div. Two. Jan. 17, 1974.]

JO ANN M. NIELSEN, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
BANK OF AMERICA et al., Respondents.

## COUNSEL

Banks & Leviton and Eugene Leviton for Petitioner.

Franklin Grady, Sheldon C. St. Clair, T. Groezinger, James J. Vonk, George S. Bjornsen and Robert A. La Porta for Respondents.

## OPINION

**KAUFMAN, J.**—Petitioner (hereinafter Applicant) seeks review of an order of the Workmen's Compensation Appeals Board (hereinafter Board) dated July 18, 1973, denying reconsideration of a referee's order awarding Applicant industrial accident benefits, including a permanent disability award of 13 percent. Applicant contends that the award of permanent disability benefits is insufficient, not supported by substantial evidence on the whole record and is unreasonable.

█ We shall not attempt to set forth a full statement of facts. The

essential facts are few. Applicant, a bank vault teller, developed an industrial injury in the nature of an acute sensitivity to the metals nickel and copper. She is, in effect, totally disabled from engaging in any employment in which she comes into contact with said metals. There are few, if any, occupations on the open labor market which in some aspect do not involve contact with such metals.

The referee, relying upon the recommendation of the rating specialist, awarded Applicant 13 percent permanent disability. Thirteen percent disability is the customary, though unscheduled, rating for skin sensitivity cases. This rating, we are informed, is premised on the assumption that the employee will be able within one year to rehabilitate himself and find employment which does not expose him to the substance to which he is sensitive.

While the customary rating may be reasonable with respect to many sensitivity cases, it is not rationally related to Applicant's disability in this case. As previously noted, Applicant here is totally disabled from engaging in any employment in which she comes into contact with nickel or copper, and there are few, if any, occupations on the open labor market which do not involve contact with these metals. There is no evidence that Applicant will be able to rehabilitate herself within one year and find employment on the open labor market which does not involve contact with nickel or copper.

Thus the 13 percent permanent disability rating is not rationally related to Applicant's diminished ability to compete on the open labor market as is required by Labor Code section 4660, subdivision (a).[1] It is, therefore, arbitrary, unreasonable and not supported by the evidence in light of the entire record. (Lab. Code, § 5952.)

The Board's order denying reconsideration dated July 18, 1973 and the award of 13 percent permanent disability are, and each of them is, annulled and the cause is remanded to the Board for further proceedings consistent with the views herein expressed.

Kerrigan, Acting P. J., and Tamura, J., concurred.

---

[1] It is not our proper province to make ratings. That is the function of the referee in the first instance and, ultimately, the Board. We cannot refrain from noting, however, that on the present record Applicant's disability would seem at least as great as a person with a back or heart injury limiting him to sedentary work.