[Civ. No. 15218. Fourth Dist., Div. Two. Aug. 19, 1975.]

ROBERT G. BELOUD, INC., Petitioner, v.
WORKERS' COMPENSATION APPEALS
BOARD, FRIEDRICH LEINWEBER et al., Respondents.

730

COUNSEL

Robert G. Beloud, in pro. per., and Jay G. Vickers for Petitioner.

Dennis Hannigan for Respondents.

## OPINION

**KAUFMAN, J.**—Petitioner is the attorney for applicant Friedrich Leinweber ("applicant") in two workers' compensation cases (66 POM 5677 and 70 POM 17979) consolidated for hearing before the Workers' Compensation Appeals Board ("Board"). Petitioner seeks review of portions of several orders made by the Board in the consolidated cases: OPINION AND DECISIONS AFTER RECONSIDERATION dated February 19, 1975; FINDINGS AND AWARD in case number 70 POM 17979 dated February 19, 1975; OPINION AND ORDER GRANTING RECONSIDERATION AND DECISIONS AFTER RECONSIDERATION dated April 1, 1975; and FINDINGS AND AWARD in case number 66 POM 5677 dated April 1, 1975. Review is sought only to the extent that these orders, decisions, findings and awards reduced the amount of attorney fees awarded petitioner by the workers' compensation judge (formerly referee) who presided at the hearings.

### Pertinent Facts

Procedurally, these consolidated cases are among the most complex we have been called upon to review. It is amazing and somewhat disheartening to realize that a procedure designed for simplicity and expeditious resolution of disputes could result in the mare's nest presented by these cases. Greatly simplified and omitting numerous procedural facts, the necessary facts may be summarized as follows.

Applicant sustained a back injury on April 29, 1966, for which he received a stipulated permanent disability award of 27¼ percent on December 14, 1966, in case number 66 POM 5677. Applicant was not represented by petitioner at that time.

On June 29, 1970, applicant, then and thenceforth represented by petitioner, filed a petition to reopen the 1966 case alleging new and further disability. At the same time a new application was filed claiming cumulative back injury from September 26, 1966, to April 1, 1970, naming numerous employers and their insurance carriers as defendants. The latter application is the subject of case number 70 POM 17979.

After numerous hearings and many complications, including successive petitions for reconsideration by several of the parties some of which were granted by the Board, as well as an aborted petition for review, the hearing judge, on August 12, 1974, rendered findings of fact and awards

in both cases as follows. In case number 66 POM 5677 the petition to reopen was granted; permanent disability was found to be 27½ percent, an increase of ¼ percent over the stipulated award of December 14, 1966; applicant was awarded medical-legal expenses; the reasonable value of petitioner's services on behalf of applicant in case number 66 POM 5677 was found to be $600 and petitioner was awarded that amount as attorney fees. In case number 70 POM 17979, on the basis of a 51½ percent disability rating, applicant was awarded permanent disability indemnity in the total amount of $10,815 payable at $52.50 per week; applicant was awarded medical-legal costs, reimbursement for self-procured medical treatment, and lifetime medical treatment; the reasonable value of petitioner's services on behalf of applicant in case number 70 POM 17979 was found to be the sum of $2,000, and petitioner was awarded this sum as attorney fees.

On August 30, 1974, defendant Employers Mutual Liability Insurance Company of Wisconsin petitioned for reconsideration on grounds that the Board acted without and in excess of its powers, that the evidence did not justify the findings of fact, and that the findings of fact did not support the award. On September 26, 1974, in case number 70 POM 17979, the Board granted reconsideration, stating: "Under the circumstances the Board feels constrained to re-evaluate the permanent disability resulting from the injury. Reconsideration will be granted for this purpose and such further proceedings as the Board may thereafter determine to be appropriate." The same day the Board granted reconsideration in case number 66 POM 5677 on its own motion, "[b]ecause the two cases were consolidated for trial . . . and because the cases are inextricably involved one with the other . . . ."

On February 19, 1975, the Board issued its OPINION AND DECISIONS AFTER RECONSIDERATION and its FINDINGS AND AWARD in each case. In case number 66 POM 5677 the Board found that applicant had sustained no new and further disability and denied all recovery except for medical-legal expenses in the amount of $77.50. No finding nor award was made with respect to attorney fees in the 1966 case. In case number 70 POM 17979 the Board found that applicant's permanent disability resulting from the cumulative back injury was 39 percent rather than 51½ percent and awarded applicant $8,190 permanent disability indemnity payable at $52.50 per week. Applicant was awarded reimbursement for self-procured medical expenses and medical-legal expenses. Applicant was also awarded lifetime medical treatment. The reasonable value of petitioner's services to applicant in case number 70 POM 17979 was

found to be the sum of $850, which sum was awarded petitioner as and for his attorney fee. In its Opinion And Decisions After Reconsideration dated February 19, 1975, the Board stated: "In view of the time, effort and skill expended by applicant's attorneys on their client's behalf and the result ultimately achieved, we are of the opinion that a fee of $850 is reasonable under the circumstances."

Thereupon, petitioner filed a petition for reconsideration on his own behalf as lien claimant and on behalf of applicant. The grounds stated for reconsideration were that the Board acted without and in excess of its powers, that the evidence did not justify the findings, and that the findings did not support the award. Two defendants filed answers to the petitions for reconsideration.

On April 1, 1975, the Board issued its Opinion And Order Granting Reconsideration And Decisions After Reconsideration and its Findings And Award in case number 66 POM 5677. Upon said reconsideration the Board found applicant's permanent disability resulting from the 1966 injury was 38½ percent rather than 27¼ percent originally awarded. Accordingly, in 66 POM 5677 the Board ordered paid to applicant additional permanent disability of 11¼ percent equivalent to $2,362.50. The Board further found: "In view of the time, effort and skill expended by applicant's attorneys on his behalf and the result ultimately achieved, we are of the opinion that a $400 fee in Case No. 66 POM 5677 is reasonable under the circumstances." The Board further stated: "We are also of the opinion that this finding [$400 fee in case number 66 POM 5677] makes the petition of applicant's attorneys on their fees academic. Therefore, the petition will be dismissed as moot."[1]

Thus as finally awarded by the Board, the attorney fees in 66 POM 5677 were set at $400 and in case number 70 POM 17979 the attorney fees were set at $850.

### Contentions, Issues and Disposition

The petition for writ of review is sought on grounds that the Board acted without and in excess of its authority, and that the orders, decisions and awards with respect to attorney fees were, and each of them was,

---

[1]Several clerical errors were subsequently discovered and corrected by order of the Board, but they do not affect any issue in the review at hand.

unreasonable and not supported by substantial evidence. We agree with petitioner in each instance.

### Board Action in Excess of Authority

Petitioner points out that no party sought reconsideration on grounds that the attorney fees fixed by the hearing judge were unreasonable and that the Board, in granting reconsideration did not even mention attorney fees as one of the matters to be reconsidered. The reason stated by the Board for granting reconsideration in 70 POM 17979 was: "Under the circumstances the Board feels constrained to re-evaluate the permanent disability resulting from the injury. Reconsideration will be granted for this purpose and such further proceedings as the Board may thereafter determine to be appropriate." Reconsideration was granted in case number 66 POM 5677 on the Board's own motion, "[b]ecause the two cases were consolidated for trial . . . and because the cases are inextricably involved one with the other . . . ." Implicit is the contention that having failed to specify attorney fees as one of the matters to be reconsidered or one of the reasons for granting reconsideration, the Board was without power to reduce the amount of attorney fees allowed.[2] Because the Board's decisions must be annulled on other grounds, we find it unnecessary to pass upon this question.

■ Petitioner is correct, however, in contending that the Board exceeds its authority when, on reconsideration, it modifies the amount of attorney fees allowed by the judge without affording the affected attorney notice and an opportunity to be heard. (*Bentley* v. *Industrial Acc. Com.*, 75 Cal.App.2d 547, 550 [171 P.2d 532]; cf. *Mullane* v. *Central Hanover Tr. Co.*, 339 U.S. 306, 313 [94 L.Ed. 865, 872-873, 70 S.Ct. 652]; *Adams* v. *Department of Motor Vehicles*, 11 Cal.3d 146, 151-152 [113 Cal.Rptr. 145, 520 P.2d 961] and cases there cited.)

■ Petitioner is also correct in contending that the decision of the Board must be annulled for failure of the Board to "state the evidence relied upon and specify in detail the reasons for the decision." (Lab. Code, § 5908.5; *Goytia* v. *Workmen's Comp. App. Bd.*, 1 Cal.3d 889, 893 [83 Cal.Rptr. 591, 464 P.2d 47]; *Granado* v. *Workmen's Comp. App. Bd.*,

---

[2]It is true that a petitioner for reconsideration is "deemed to have finally waived all objections, irregularities, and illegalities concerning the matter upon which the reconsideration is sought other than those set forth in the petition for reconsideration." (Lab. Code, § 5904.) On the other hand, only reasonable attorney fees can be allowed, and it is the Board which determines "what constitutes such reasonable amount." (Lab. Code, § 4906.)

69 Cal.2d 399, 406 [71 Cal.Rptr. 678, 445 P.2d 294].) In case number 70 POM 17979, in its OPINION AND DECISIONS AFTER RECONSIDERATION dated February 19, 1975, the Board stated: "In view of the time, effort and skill expended by applicant's attorneys on their client's behalf and the result ultimately achieved, we are of the opinion that a fee of $850 is reasonable under the circumstances." Similarly, in case number 66 POM 5677 in its OPINION AND ORDER GRANTING RECONSIDERATION AND DECISIONS AFTER RECONSIDERATION dated April 1, 1975, the Board found: "In view of the time, effort and skill expended by applicant's attorneys on his behalf and the result ultimately achieved, we are of the opinion that a $400 fee . . . is reasonable under the circumstances." These statements of the Board recite some of the factors or criteria germane to a consideration of the value of an attorney's service (*Bentley* v. *Industrial Acc. Com., supra,* 75 Cal.App.2d at p. 549), but they do not constitute a statement of the evidence relied upon nor a specification of the reasons for the Board's decisions.

### *Unreasonable and Not Supported by Substantial Evidence*

Before proceeding very far under this heading we should note that the Board did not deny petitioner's petition for reconsideration relating to attorney fees. After granting reconsideration in part and awarding petitioner $400 attorney fees in case number 66 POM 5677, the Board dismissed petitioner's petition for reconsideration as being moot. There is not the slightest evidence or indication that the petition for reconsideration relating to attorney fees was mooted by the $400 award in 66 POM 5677, and the Board erred in dismissing the petition for reconsideration as moot.

Decisions of the Board must not be unreasonable. (Lab. Code, § 5952, subd. (c).) A Board decision must be rationally related to the factors germane to a resolution of the particular problem confronting the Board. (Cf. *Nielsen* v. *Workmen's Comp. Appeals Bd.,* 36 Cal.App.3d 756, 758 [111 Cal.Rptr. 796]; see also *Bentley* v. *Industrial Acc. Com., supra,* 75 Cal.App.2d at p. 549.) Decisions of the Board must be supported by substantial evidence in light of the whole record. (Lab. Code, § 5952; *LeVesque* v. *Workmen's Comp. App. Bd.,* 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432].)

Although the Board filed no formal answer to the petition for writ of review, it has favored us with a letter in which it is stated, ". . . the Board would point out that petitioner's fee in each Board case herein was

reduced in an amount commensurate with his client's reduced recovery in each case following reconsideration by the Board. In WCAB Case No. 66 POM 5677, the applicant's indemnity award was $2,362.50, and the attorney's fee allowed was $400.00. In WCAB Case No. 70 POM 17979, the applicant's indemnity award equalled $8,190.00, and the attorney's fee allowed was $850.00. In both cases the fee allowed *exceeded* the 10 percent norm customary in workers' compensation cases. See 1 Hanna, *California Law of Employee Injuries and Workmen's Compensation,* Section 16.03. Any additional fee awarded petitioner would cause a further reduction in the applicant's net recovery." (Original italics.)

Strictly speaking, the Board's characterization of its actions is not entirely accurate. In case number 66 POM 5677 the hearing judge found an increase in permanent disability of ¼ percent, and, nevertheless, set attorney fees in that case of $600. The Board ultimately increased the permanent disability recovery by 11¼ percent but reduced the attorney fee to $400. Moreover, in case number 70 POM 17979, the Board, in applying its 10 percent standard, apparently ignored several important items of recovery. Not only was applicant awarded reimbursement for self-procured medical expenses and lifetime medical treatment, but as a result of the filing of the application in 70 POM 17979, applicant recovered more than $15,000 in temporary disability payments.[3]

The use of a standard 10 percent for fixing attorney fees may be perfectly appropriate in many cases, but the cases before us on this review, particularly 70 POM 17979, are not ordinary cases. As we have heretofore indicated, the proceedings were quite complex with numerous petitions for reconsideration several of which were granted in part by the Board. The "RETURN" filed herein by the Board consists of 390 pages exclusive of transcripts of testimony. In addition, there have been lodged with us approximately 150 pages of medical and hospital records. At least one of the hearings was set as an all-day hearing, and continued and supplemental hearings were numerous.

---

[3]When the application in case number 70 POM 17979 was filed, applicant was totally temporarily disabled but was not receiving temporary disability benefits. In the Board's DECISION AFTER RECONSIDERATION dated September 1, 1971, applicant was awarded temporary disability benefits at the rate of $87.50 per week from April 8, 1970 through and including August 9, 1971. Ultimately, applicant recovered temporary disability benefits through September 10, 1973. In the Board's DECISION AFTER RECONSIDERATION dated September 1, 1971, petitioner was awarded interim attorney fees of $350, apparently based upon applicant's recovery of temporary disability benefits to that date.

The hearing judge expressly found as matters of fact that $600 was a reasonable attorney fee in case number 66 POM 5677 and that $2,000 was a reasonable attorney fee in case number 70 POM 17979. Even though there was no express testimony relating to the value of attorney fees in the two cases, the judge had before him the entire record from which he could properly determine the value of petitioner's services. (*Bentley* v. *Industrial Acc. Com., supra,* 75 Cal.App.2d at pp. 549-550.) When a judge's finding of fact ". . . is supported by solid, credible evidence, it is to be accorded great weight by the Board and should be rejected only on the basis of contrary evidence of considerable substantiality." (*Lamb* v. *Workmen's Comp. Appeals Bd.,* 11 Cal.3d 274, 281 [113 Cal.Rptr. 162, 520 P.2d 978].)

It is important to the administration of the workers' compensation program that attorney fees should not be fixed with the sole purpose in view of saving the applicant from expense. The basis upon which fees are fixed should not be so low as to discourage competent attorneys from accepting employment in workers' compensation matters. (*Bentley* v. *Industrial Acc. Com., supra,* 75 Cal.App.2d at p. 550.)

To the extent they reduce the attorney fees allowed by the hearing judge, the OPINION AND DECISIONS AFTER RECONSIDERATION dated February 19, 1975, the FINDINGS AND AWARD in case number 70 POM 17979 dated February 19, 1975, the OPINION AND ORDER GRANTING RECONSIDERATION AND DECISIONS AFTER RECONSIDERATION dated April 1, 1975, and the FINDINGS AND AWARD in case number 66 POM 5677 dated April 1, 1975, are, and each of them is annulled, and both cases are remanded to the Board for the fixing of reasonable attorney fees in conformity with the views herein expressed.

Gardner, P. J., and Kerrigan, J., concurred.