[Civ. No. 38527. First Dist., Div. Two. June 22, 1976.]

MORGAN, BEAUZAY, HAMMER, EZGAR, BLEDSOE & RUCKA,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
PAUL SWANSON FORD et al., Respondents.

## COUNSEL

Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka and N. Michael Rucka for Petitioner.

No appearance for Respondents.

## OPINION

**KANE, J.**—Petitioner, a law firm, seeks review of an order of the board denying its petition for reconsideration of that portion of an award allowing $2,250 for legal services rendered to its client, a claimant for workers' compensation benefits.

Petitioner represented Harry Schneiderman, a claimant who allegedly sustained injury to his heart arising out of and occurring in the course of his employment as an automobile parts man by respondent Paul Swanson Ford, and secured a recovery for him consisting of four months of temporary total disability, permanent disability of 78 percent amounting to $31,167.50 and thereafter a life pension of $29.08 per week, continued medical treatment, reimbursement of self-procured medical treatment, medical-legal costs, and attorney's fees. Petitioner also successfully defended a petition for reconsideration by the carrier. The claim was disputed from the beginning, and respondents employer and carrier refused to provide any benefits until the award had become final.

██ Petitioner contends that the board's order is unreasonable, unsupported by substantial evidence, in excess of its own jurisdiction, and in contradiction to its New Guidelines In Fixing Attorneys' Fees

which became effective September 11, 1975, and which are contained in The Policy and Procedural Manual of the Workers' Compensation Appeals Board under Index Number 6.8.4. We agree that the award, measured by the board's own guidelines, is unreasonable, and that the board abused its discretion in permitting its workers' compensation judge to employ standards not in conformance with the board's own published guidelines.

Rule 10775, Rules of Practice and Procedure, sets forth the factors which are to be considered by the workers' compensation judges in establishing a reasonable attorneys' fee and requires the judges to make reference to guidelines in the Policy and Procedural Manual.

In promulgating its new guidelines, the board recognized that valuable services are rendered to applicants by competent attorneys and that fees must be sufficient to encourage competent attorneys to participate in this field of practice. (See *Bentley* v. *Industrial Acc. Com.* (1946) 75 Cal.App.2d 547, 549-550 [171 P.2d 532]; *Robert G. Beloud, Inc.* v. *Workers' Comp. Appeals Bd.* (1975) 50 Cal.App.3d 729, 737 [123 Cal.Rptr. 750].) The guidelines provide that *"In cases of average complexity, the Board believes a reasonable fee will be in the range of 9% to 12% of the permanent disability, death benefit or compromise and release awarded.* In setting the fee, due consideration should be given to the fee allowed in prior awards, if any, in the same case. Where the prior fee has been nominal or nonexistent, a fee at the upper end of the range is indicated. *Further, in setting the fee, consideration should be given to other disputed benefits obtained (temporary disability, further medical treatment, self-procured medical treatment and life pension)."* (Italics added.)

The record shows that the workers' compensation judge calculated the fee on the basis of 10 percent of the first $10,000 and 5 percent of the remainder of the permanent disability award. The result was a fee of approximately 7¼ percent of the permanent disability, an amount which falls below the guideline standard of 9 to 12 percent to be awarded in a case of average complexity[1] and does not take into account at all other disputed benefits obtained which also are to be considered in setting the fee.

---

[1]The workers' compensation judge himself characterized the case as of "average difficulty."

It is clear, therefore, that the referee was not adhering to the guidelines published by the board, effective September 11, 1975, in effect at the time the award was made. In promulgating the guidelines, the board recognized that Labor Code, section 4903, subdivision (a), imposes an obligation on workers' compensation judges to determine a reasonable attorney's fee in cases submitted to them for decision, but that the wide variation in fees set by the judges was so pronounced that publication of guidelines was indicated.

If the board's purpose in promulgating these guidelines was to prevent the setting of unreasonably low or high fees, we cannot perceive how this purpose will be achieved if the board permits its workers' compensation judges to employ their own standards, at variance from the published guidelines of the board, in setting fees.

We can conceive of instances when a fee in the range of 9 to 12 percent of the award of permanent disability would be excessive, for example, when there is little in dispute and little time, effort or skill involved. But this is not such a case. The record indicates that this claim was disputed from the outset, was of at least average complexity, that the attorneys assumed considerable responsibility, exercised care in establishing the nature and extent of the injuries, devoted a considerable amount of time, and obtained a satisfactory result.

The award of attorneys' fees is annulled, and the board is directed to proceed to make a new award in accordance with the views herein expressed.

Taylor, P. J., and Rouse, J., concurred.