[Civ. No. 54849. Second Dist., Div. Three. Nov. 30, 1979.]

REICH, ADELL, CROST & PERRY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DENNIS C. JONES et al., Respondents.

[Civ. No. 56373. Second Dist., Div. Three. Nov. 30, 1979.]

REICH, ADELL, CROST & PERRY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
MARY ROSLANSKY et al., Respondents.

COUNSEL

Jack M. Cohen and Jerold L. Perry for Petitioner.

Richard W. Younkin, William B. Donohoe and Dexter W. Young for Respondents.

OPINION

**COBEY, Acting P. J.**—Petitioner, an incorporated law firm, contends that the respondent Workers' Compensation Appeals Board (WCAB) erred when it (1) reduced the amount of attorneys fees agreed to by the injured worker and his or her attorney, petitioner herein, when the agreed fees were within the WCAB's own guidelines for setting attorneys fees, and (2) without prior notice awarded petitioner less than the attorneys fee agreed to by petitioner and its clients.[1] There is merit only in the second contention.

I

The issues before this court pertain to the setting of attorneys fees for the attorney for the injured worker in workers' compensation claims before the WCAB.

---

[1]Petitioner has advised its clients of these appellate proceedings and advised each of them that petitioner's interest is adverse to his and that each has the right to seek independent counsel.

Attorneys fees payable to the legal counsel for the injured worker are a lien on the injured's award; thus, they come out of the injured's recovery. Labor Code section 4906 provides that "No charge, claim, or agreement for...legal services or disbursements...is enforceable, valid, or binding in excess of a reasonable amount. The appeals board may determine what constitutes such reasonable amount." ▮ The purpose of Labor Code section 4906 is to protect claimants before the appeals board from the exaction of excessive fees. (*Coviello* v. *State Bar* (1953) 41 Cal.2d 273, 276-277 [259 P.2d 7]; *Workmen's Comp. Appeals Bd.* v. *Small Claims Court* (1973) 35 Cal.App.3d 643, 646 [111 Cal.Rptr. 6]; *Koker* v. *Elk Brass Mfg. Co.* (appeals board en banc opinion, 1971) 36 Cal.Comp.Cases 292, 294.) Further, it constitutes professional misconduct for an attorney to secure or attempt to secure fees in excess of those allowed by the appeals board. (*Coviello, supra; Workmen's Comp. Appeals Bd.* v. *Small Claims Court, supra; Koker, supra.)*

## A. Proceedings Before the Appeals Board

In both matters herein, petitioner represented the injured workers in the appeals board proceedings. In one matter Dennis C. Jones is the injured worker, in the other Mary Roslansky is. A settlement agreement[2] was signed by the parties and submitted to the appeals board for approval in each case.[3] In the Jones matter the gross settlement amount was $4,000; in the Roslansky matter it was $7,127.38.

Paragraph 8 of the settlement agreement form has a space for the attorney for the injured to insert the attorney fee he requests. In the Jones matter (2 Civ. 54849) the requested fee was $500; in the Roslansky matter (2 Civ. 56373) the requested fee was $800. The workers' compensation judge, who was the same in both matters, approved the settlements but awarded attorneys fees of $400 and $700 in each case respectively. Thus, the judge "reduced" the requested fees by $100 in each case. In so doing, the judge gave no prior notice to petitioner. In each "Order Approving Compromise and Release" the judge stated the awarded fee was "reasonable" but gave no explanation of his rationale for reducing the requested fee agreed to by petitioner and its client.

---

[2]The form of the settlement agreement utilized by the parties is specified by WCAB Rules of Practice and Procedure (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2, § 10874).

[3]"No release of liability or compromise agreement is valid unless it is approved by the appeals board or referee." (Lab. Code, § 5001.)

Petitioner sought reconsideration in each case. It alleged a denial of due process in that it was entitled to notice and an opportunity to be heard prior to the "reduction" of its requested fees. It challenged the power of the judge to reduce them, and it asserted that the fees awarded were inadequate.

As required by section 10860 of the WCAB Rules of Practice and Procedure (hereinafter WCAB Rules), the judge filed a report on each petition for reconsideration wherein he responded to the contentions made by petitioner.[4]

In the Jones matter, the judge, in his report rejected the allegation that petitioner was denied due process by not being given notice before the reduction of the requested fee as "Petitioner did not ask for hearing" and "submitted the issue of its fee with the Compromise and Release [settlement agreement] for decision without hearing." The judge also justified the amount of fee as the case was "of less than average difficulty."

In the Roslansky matter the judge in his report again argued petitioner was not entitled to a hearing on his requested fee as "The submission of a Compromise and Release with request for attorneys' fees in a particular amount should be deemed a waiver of any right by [petitioner] to a hearing on reduction of their fees." The judge asserted that petitioner should have submitted the evidence supporting the requested fees at the time the settlement agreement was forwarded to the appeals board for approval.[5] The judge also maintained that the amount of the awarded fee was correct as the "case is one of no more than average difficulty."

---

[4] WCAB Rules, section 10860: "Report of Referee [Judge]. Petitions for reconsideration shall be referred to the referee from whose decision reconsideration is sought. The referee shall prepare a report which shall contain: (a) A statement of the contentions raised by the petition; (b) A discussion of the support in the record for the findings of fact and the conclusions of law; and (c) The action recommended on the petition. [¶] The referee shall serve a copy of his report on the parties at the time he sends it to the Appeals Board."

[5] The complete text of the judge's report stated in this regard: "The submission of a Compromise and Release with request for attorneys' fees in a particular amount should be deemed a waiver of any right by applicant's attorney to a hearing on reduction of their fees. All evidence applicant's attorneys wished to present on their fees should have been presented before the time that the Compromise and Release was considered. If such evidence is not in file when the approval of the Compromise and Release is made,

The WCAB denied reconsideration in both cases. It affirmed the reduced fees. In Roslansky the board, in denying reconsideration, relied upon the judge's report. In Jones the WCAB "concur[red] in the opinion of the workers' compensation judge that this case was at most one of average complexity." The WCAB also stated in part in its "Opinion and Order Denying Reconsideration" in Jones: "It is the Board's opinion that under [*Robert G. Beloud, Inc.* v. *Workers' Comp. Appeals Bd.* (1975) 50 Cal.App.3d 729 (123 Cal.Rptr. 750)] the attorneys were entitled to notice and hearing (if they so requested) if the workers' compensation judge intended to reduce their attorneys' fees. However, the Board further finds that this defect was cured since petitioners were afforded the opportunity to present their arguments supporting the higher fee in their petition for reconsideration."

## II

Petitioner contends that (1) the judge had no power to reduce the fees specified in the settlement papers as the requested fees were in compliance with the WCAB's own guidelines and (2) petitioner was entitled to notice and an opportunity to be heard prior to the judge's reduction of the requested fees. Petitioner also questions the amounts of the awarded fees.

A. ■ Power to Reduce Fee Agreed by Injured Worker and Counsel

Petitioner contends that the judge erred in reducing the fee agreed to by petitioner and the injured worker in each case as the requested fee

---

there may be a delay in applicant [the injured worker] receiving his funds. There may be need to receive additional evidence and set the matter for hearing on attorneys' fees.

"Certainly the holding of additional hearings on the issue of attorneys' fees works to the detriment of all applicants. The Board's calendar presently is overcrowded and parties may have to wait up to six months to get a hearing date. Should the Board allow for hearings on attorneys' fees whenever they are reduced from the amount requested in the Compromise and Release, the crowded calendar of the Board can only become worse. All applicant's suffer thereby.

"Due process does require that applicants' attorneys be given an opportunity to be heard on the issue of their fees. The time for that hearing is before the Compromise and Release is approved, not after. This matter was set for hearing on November 16, 1978. Applicant, his attorney and defense counsel appeared at that time. The parties agreed to submit a Compromise and Release. Certainly, the time that this matter was set for hearing could have been used to receive evidence of both written and oral nature on attorneys' fees. No good reason is presented by applicant's attorney as to the delay in presenting evidence or argument on attorneys' fees until after the Compromise and Release was approved. To assert this right for the first time on Petition circumvents the orderly procedures of the Board."

was within the appeals board's own guidelines for attorneys fees in these types of cases.

Section 10775 of the WCAB Rules provides: ""Reasonable Attorneys Fee. In establishing a reasonable attorney's fee, the Workers' Compensation Judge shall consider:

"(a) The responsibility assumed by the attorney,

"(b) The care exercised in developing the nature and extent of the injuries involved in the case,

"(c) The time involved, and

"(d) The results obtained.

"Reference should be made to guidelines contained in the Policy and Procedural Manual.

"Through its power to grant reconsideration on its own motion, the Board shall exercise administrative review to ascertain the extent to which these guidelines are followed."

The WCAB Policy and Procedural Manual, Index number 6.8.4, effective September 11, 1975, provides: "The Labor Code imposes an obligation on the workers' compensation judges to determine what is a *reasonable* attorney's fee in cases submitted to them for decision.

". . . . . . . . . . . . . .

"For these reasons, the following is promulgated as a guideline for the use of the workers' compensation judges.

"1. In cases of average complexity, the Board believes a reasonable fee will be in the range of 9% to 12% of the permanent disability, death benefit or compromise and release awarded. In setting the fee, due consideration should be given to the fee allowed in prior awards, if any, in the same case. Where the prior fee has been nominal or nonexistent, a fee at the upper end of the range is indicated.

"Further, in setting the fee, consideration should be given to other disputed benefits obtained (temporary disability, further medical treatment, self-procured medical treatment and life pension).

"2. In cases of above average complexity, a fee in excess of the normal upper limit of 12% is warranted. Such cases may include, but are not limited to:

"(a) cases establishing a new or obscure theory of injury or law;

"(b) cases involving highly disputed factual issues, where detailed investigation, interrogation of prospective witnesses, and participation in lengthy hearings are involved;

"(c) cases involving highly disputed medical issues;

"(d) cases involving multiple defendants.

"3. In cases of below average complexity, the fee may range downward from the 9% - 12% range to as low as 1%. Such cases may include, but are not limited to:

"(a) the uncontested death cases where nominal proof of dependency is all that is required of counsel;

"(b) the undisputed statutory 100% permanent disability case or other undisputed presumption cases;

"(c) other essentially undisputed cases.

"A $500 fee in a $45,000 death benefit award provides ample compensation for the time and skill involvement of applicant's attorney, where counsel is required to do no more than provide a marriage certificate and birth certificate. The Board emphatically rejects the theory that the applicant in such a case should pay a higher fee to provide an offset for the cases which counsel handles at a loss. There is no reason for the deserving widow, the blind, the paraplegic or other employee with a major disability to underwrite the case of the employee with a minor or questionable claim.

"4. In considering the value of counsel's services, the criteria set forth in *Bentley* v. *IAC,* 11 CCC 204, and *Rose, Klein & Marias* v. *WCAB,*

39 CCC 771, are to be given full consideration. It should be realized that the time involvement of a recognized specialist, who has demonstrated his skill in the field, is to be valued much more highly on an hourly basis than the time involvement of a person less knowledgeable and skilled in the field of workers' compensation law.

"5. If the record does not establish, to the satisfaction of the workers' compensation judge, a sufficient basis for determining the value of counsel's services, the judge should request counsel to supply the desired information. This need not be done orally on the record or by written communication, but the workers' compensation judge should be satisfied that there is an adequate basis for justifying the fee determination if it should be made an issue."

Simply because a case is of average complexity and the requested agreed fee is within the 9 percent to 12 percent range specified for cases of average complexity does not mean that the fee is correct under the guidelines. It is for the WCAB to determine where within the 9 percent to 12 percent range the fee should be set. In doing so consideration should be given to the standards set forth in WCAB Rules section 10775 and in the WCAB Policy & Procedure Manual. Merely because the requested agreed fee is within the proper fee range does not obviate the WCAB complying with the statutory mandate that it determine the reasonableness of fees. Thus, while the WCAB should not lightly disregard a fee agreement between the attorney and his client, such an agreement is not binding upon the WCAB.

### B. Notice of Reduction of Requested Fee

 Petitioner contends it was entitled to notification prior to the reductions of its requested fees. The WCAB now appears to retreat from its prior position that the judge erred in failing to give prior notice of the reduction of the requested fees. The question is one of first impression.

The issue correctly stated is whether prior notice and the opportunity to be heard must be given when the fee agreement between the injured worker and his attorney is disregarded.

 "Fee agreements are not forbidden by the language of Labor Code section 4906, nor by other statutes. On the contrary, their legality

is tacitly recognized, both by statute and by court decision." (1A Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1979) § 16.02 [3].) "The wording of Labor Code § 4906 is such as to indicate that such agreements are valid and enforceable if not in excess of a reasonable amount." (1A Hanna, *op. cit. supra,* § 16.02 [3], fn. 12.) Similarly, section 10776 of the WCAB Rules[6] does not declare attorneys fee agreements necessarily invalid, but only requires their prompt submission to the WCAB for review. "However, the restriction of their validity to such sums as the Appeals Board may determine to be reasonable effectively eliminates such agreements as instruments of value in compensation cases. These are not improper per se, but are ordinarily futile and inadvisable in view of the Appeals Board's power to determine the value of services and to fix fee allowances." (1A Hanna, *op. cit. supra,* § 16.02 [3].)

The WCAB rules regarding attorneys fees are in part a response to various court decisions.

In *Schilling* v. *Industrial Acc. Com.* (1920) 47 Cal.App. 190 [190 P. 373], the injured, through the efforts of his counsel, settled his claim for $650. The commission (which is now the WCAB) allowed a $45 fee without a hearing on the issue. The attorney sought reconsideration and was granted a hearing; the attorney contended he had an oral contract for a one-third fee. The commission affirmed the $45 fee. While acknowledging that the fee agreement was not enforceable in excess of what the commission determined to be a reasonable amount, the court annulled the commission's decision on the ground that the attorney had not been given a fair hearing by the commission on the requested fee which had already been contracted between the injured and the attorney. (*Schilling, supra,* at p. 193.)

---

[6]WCAB Rules, section 10776: "Approval of Attorneys Fee. (a) No request for payment or demand for payment of a fee shall be made by any attorney for, or representative of, a worker or dependent of a worker until such fee has been approved or set by a workers' compensation judge or the Appeals Board.

"(b) No attorney or representative shall accept any money from a worker or dependent of a worker for the purpose of representing the worker or dependent of a worker before the Appeals Board or in any appellate procedure related thereto until such fee has been approved or set by a workers' compensation judge, the Appeals Board, or an appellate court.

"(c) Any agreement between any attorney or representative and a worker or dependent of a worker for payment of a fee shall be submitted to the Appeals Board for approval within ten (10) days after the agreement is made.

In *Bentley* v. *Industrial Acc. Com.* (1946) 75 Cal.App.2d 547 [171 P.2d 532] the workers' compensation claim proceeded to findings and award, whereunder the injured's attorney was allowed a $25 fee, the minimum fee customarily awarded. The attorney sought a rehearing by the commission which was denied. The court reversed. The court first observed that the attorney "is not to be regarded in default nor as consenting to the fixing of a minimum fee by reason of his failure to offer evidence as to the value of his services." (*Id.*, at p. 550.) The court then held: "If an award of attorney's fees was not to be based upon the facts which were known to the referee [now called "workers' compensation judge"] and the commission, *the attorney should have been so advised and should have been allowed an opportunity to offer evidence as to all matters properly to be considered in fixing his fee.* His petition for rehearing [now called "petition for reconsideration"] should have been granted for that purpose." (Italics added.) (*Ibid.*) ▪ Pursuant to paragraph 5 of the WCAB's own guidelines (*ante,* p. 234) the workers' compensation judge "should request counsel to supply the desired information" where "the record does not establish, to the satisfaction of the workers' compensation judge, a sufficient basis for determining the value of counsel's services." Further, WCAB Rules, section 10882 suggests the judge should have given prior notice to petitioner.[7]

The WCAB's own procedure manual also indicates that this procedure of requesting additional information may be done informally. Thus, contrary to the suggestion of the workers' compensation judge, giving the attorney prior notice of the reduction of his fee would not result in a massive increase in the number of WCAB hearings.

As the judge's failure to give notice prior to reduction of the requested fee would appear to be improper based upon the WCAB's own regulations, the case must therefore be remanded for further proceedings. (Cf. *Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka* v. *Workers' Comp. Appeals Bd.* (1976) 59 Cal.App.3d 353 [130 Cal.Rptr. 661].) Further, pursuant to the *Schilling* case, as petitioner had in each case an agreement with its client as to the amount of its fee, the judge

---

[7]WCAB Rules, section 10882: "Action on Compromise and Release Agreements. The Appeals Board or referee will inquire into the adequacy of all compromise and release agreements and may, in its or his discretion, set the matter for hearing to take evidence when necessary to determine whether the agreement should be approved, or disapproved, or issue findings and awards."

should have given petitioner in each case prior notice that he was going to disregard the agreement and award less than the amount of fee agreed to by the injured worker and petitioner.

■ The WCAB contends that, by reviewing the petitioner's petitions for reconsideration, the failure by the judge to give prior notice to petitioner of reduction of the fees was thereby remedied. The WCAB points out that in both cases it reviewed the entire record in response to the petition for reconsideration and then affirmed the fees as in accord with its own guidelines.

The WCAB's action in response to the petition for reconsideration was insufficient to remedy the procedural defect. At no time was petitioner specifically given a meaningful opportunity to present documentary evidence regarding its requested fee. It was not until *after* petitioner filed its petition for reconsideration and the judge filed his report thereon that petitioner learned for the first time the basis of his reduction of the requested agreed fees. The WCAB, rather than just denying the petitions, should have given petitioner specific notice that it would accept evidence on the issue.[8]

We are cognizant that the portion of our decision herein which holds the judge should have given notice to petitioner prior to reduction of the requested fees may cause severe administrative problems for the WCAB in its orderly processing of settlement agreements if immediate implementation were required. (Cf. *Arp.* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 395, 411 [138 Cal.Rptr. 293, 563 P.2d 849].) Accordingly, our decision herein shall only apply to settlements submitted (1) on or after the date this decision becomes final, and (2) prior to that date where the matter is not yet final and the notice issue was raised on reconsideration.

Our decision herein should, however, not be construed to prohibit the WCAB from adopting procedural rules pursuant to Labor Code section 5307, subdivision (a), covering the determination of attorneys fees when a settlement includes a fee that has been agreed to by the injured work-

---

[8]A contrasting situation occurs when the attorney requests only a "reasonable fee" instead of a precise amount agreed to by his client. By such request the attorney leaves determination of the fee up to the judge on the basis of the record before him. If dissatisfied with the fee awarded the attorney's recourse is to seek reconsideration by the WCAB. He should include in his petition for reconsideration documentation supporting a fee higher than the one awarded.

er and his attorney. The WCAB may properly require by express rule that the attorney in the settlement situation must submit documentation supporting his requested fee, to which his client has already agreed, at the time the settlement is submitted for approval.[9] Such a WCAB rule may properly further provide that the judge may then determine the reasonableness of the requested fee and disallow part of the requested fee without prior notice to the attorney; the attorney's remedy is then a petition for reconsideration. The importance of such an express rule is that the attorney will be on notice that the WCAB will decide the fee issue on the documentation presented by the attorney.[10]

### III

The decisions of the WCAB are annulled and the matters are remanded to the WCAB with directions to provide petitioner with the opportunity to present substantiation for its requested agreed attorneys fees and for the WCAB to then reconsider the amounts of the attorneys fees to be awarded.

Potter, J., concurred.

ALLPORT, J.—I concur in the result reached by the majority that in future cases the WCAB cannot reduce an agreed fee which is within the board's established guidelines without giving the attorney an opportunity to justify same. However, in my opinion, such a fee request should be clothed with a rebuttable presumption of reasonableness and be subject to reduction only after notice to the attorney and his being given an opportunity to further satisfy the board in this respect.

---

[9]It has always been advisable that where "an attorney...has rendered *unusual* services that do not appear in the record [he] should prepare and file with the Board a detailed statement of his services." (Italics added.) (Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 13.25, p. 451.)

[10]At oral argument counsel for the WCAB argued that it was customary for an attorney who seeks (as here) a fee at the top end of the 9 percent to 12 percent range for cases of average complexity to supply documentation of the requested fee. Petitioner disputed this assertion. The adoption by the WCAB of an express rule would clarify the situation for attorneys.