[No. B057464. Second Dist., Div. One. Feb. 28, 1992.]

LAWRENCE DRASIN & ASSOCIATES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, RICHARD
PILKENTON et al., Respondents.

COUNSEL

Lawrence Drasin for Petitioner.

Richard W. Younkin and Neil P. Sullivan for Respondents.

OPINION

SPENCER, P. J.—

INTRODUCTION

We review a decision after reconsideration by respondent Workers' Compensation Appeals Board (Board).

STATEMENT OF FACTS

On February 25, 1981, applicant, Richard Pilkenton, sustained an industrial injury to the head, spine, left shoulder, and psyche when he fell from a ladder during his employment as a maintenance supervisor by Beeman's Sanitarium. The workers' compensation judge (WCJ) found applicant was 100 percent permanently disabled, but apportioned part of the permanent disability to preexisting disability. The WCJ found applicant was 67 percent permanently disabled after apportionment and awarded applicant $25,200 in permanent disability indemnity, payable at $70 a week, less attorney fees and credit for any sums previously paid. The WCJ found applicant was temporarily disabled from February 26, 1981, to February 25, 1986, and awarded $31,200 in temporary disability indemnity, less credit for amounts previously paid. The WCJ also awarded reimbursement for approximately $85,000 in self-procured medical expenses, and ordered the insurer to pay for further medical treatment.

Applicant and defendants each petitioned for reconsideration. In its decision after reconsideration, the Board found there was no basis for apportionment and awarded 100 percent permanent disability indemnity, payable at $120 per week for life.

Applicant's former attorney, Elizabeth S. Itatani, had filed the application on applicant's behalf, alleging that on February 25, 1981, applicant sustained an industrial neurological injury and industrial injuries to the head, shoulder, and back. In addition, she had filed several other applications alleging similar specific industrial injuries and a cumulative industrial injury. She had

also filed an application for a penalty for serious and willful misconduct, requested an emergency hearing to compel defendants to resume payment of temporary disability indemnity, requested a priority hearing on the ground defendants were denying applicant necessary medical treatment, and requested a penalty for defendants' refusal to provide workers' compensation benefits.

In 1983 the law offices of Kessler & Drasin substituted in as counsel for applicant. On June 13, 1984, based on stipulations of the parties, applicant was awarded $9,105 in retroactive temporary disability indemnity and applicant's counsel, Kessler & Drasin, was awarded a fee of $1,300.71. Lawrence Drasin and other attorneys from Kessler & Drasin and its successor firms[1] requested penalties for delay in providing workers' compensation benefits, represented applicant at many hearings and depositions, answered the insurance company's lengthy petition for reconsideration, and filed applicant's petition for reconsideration, successfully arguing that applicant was 100 percent permanently disabled and there was no basis for apportionment.

The WCJ awarded attorney fees of $500 to Ms. Itatani and $3,500 to Mr. Drasin, payable from permanent disability indemnity.

In the petition for reconsideration filed on behalf of applicant, Mr. Drasin argued that applicant was 100 percent permanently disabled solely from industrially caused epilepsy and the attorney fees were unreasonably low. Mr. Drasin also argued that, even if the permanent disability indemnity were not increased on reconsideration, $10,000 in attorney fees would be appropriate.

Applicant agreed Mr. Drasin had "worked hard," but objected to any increase in his fee.

Defendants contended, among other things, that applicant's seizure disorder was not industrial and that the temporary disability indemnity, permanent disability indemnity, and medical treatment awards should be reduced. Regarding the issue of attorney fees, the Board stated: "[B]ecause we are finding applicant to be totally permanently disabled, pursuant to *Goler* v. *W. & J. Sloane Co.* (1979) 44 Cal. Comp. Cases 1065, 1069 (en banc), we will base an attorney's fee on 621.25 weeks of permanent disability indemnity

---

[1]Kessler & Drasin became Drasin, Sparagna, Polan, Kessler & McNulty, and then Drasin, Sparagna, Polan & Sparagna. The firm later became Drasin & Polan and is now Lawrence Drasin & Associates.

payable at $70.00 a week and not on the present value of lifetime payments. We feel an appropriate fee is $6,000.00, to be dispersed in the same ratio as awarded by the WCJ [one-eighth to Ms. Itatani and seven-eighths to Mr. Drasin]. If there are not sufficient funds which have accrued to cover the attorney's fee, then applicant's attorney may petition for commutation."

Thereafter, Lawrence Drasin & Associates filed the petition for writ of review in the present case. The insurance company subsequently filed a petition for writ of review in *Fremont Indemnity Company* v. *Workers' Comp. Appeals Bd.*, No. B057556, contending the Board erred in failing to apportion applicant's permanent disability to preexisting disability. On February 27, 1992, we denied the insurance company's petition in No. B057556, finding there was no reasonable basis for the petition. We also ordered the Board to make a supplemental award of attorney fees to applicant's attorney, Lawrence Drasin & Associates, based on the services rendered in opposing the insurance company's petition for writ of review and ordered that costs be awarded to applicant.

CONTENTIONS

I

Petitioner, Lawrence Drasin & Associates, contends the Board failed to comply with Labor Code section 5908.5 in explaining how it determined the amount of the attorney fee.

II

Petitioner also contends that the Board erred in basing the attorney fee solely on a percentage of permanent disability indemnity payable at the partial permanent disability rate.[2]

DISCUSSION

I

 Petitioner contends the Board failed to comply with Labor Code section 5908.5 in explaining how it determined the amount of the attorney fee.

Labor Code section 5908.5 provides in pertinent part: "Any decision of the appeals board granting or denying a petition for reconsideration or

---

[2]Jim Pilkenton, applicant's guardian ad litem, has objected to any increase in Mr. Drasin's fee and requested that this court commute the permanent total disability payments. The request by applicant's guardian ad litem for commutation of the award is a matter that must be addressed first to the Board, not to this court.

affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall . . . be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision. . . ."

Here, as noted, *ante*, pages 1568-1569, the Board merely stated that, because applicant was found 100 percent permanently disabled, the Board would base the attorney fee on 621.25 weeks of permanent disability indemnity payable at $70 a week.

California Code of Regulations (formerly Cal. Admin. Code), title 8, chapter 4.5, section 10775 (§ 10775) provides in pertinent part: "In establishing a reasonable attorney's fee, the workers' compensation judge . . . shall consider the [¶] (a) responsibility assumed by the attorney, [¶] (b) care exercised in representing the applicant, [¶] (c) time involved, [¶] (d) results obtained. [¶] Reference will be made to guidelines contained in the Policy and Procedural Manual . . . ."

Section 6.8.4 of the Board's Policy and Procedural Manual (§ 6.8.4) provides in pertinent part: "The Labor Code imposes an obligation on the workers' compensation judges to determine what is a *reasonable* attorney's fee in cases submitted to them for decision. [¶] The Board recognizes the valuable service rendered to applicants by competent attorneys. The Board recognizes, too, that reasonable fees must be sufficient to encourage such competent attorneys to participate in this field of practice. The Board has seen instances where fees appear to be unreasonably low or high. The Board has seen, too, instances where attorneys accept sizeable fees for services which are largely unnecessary because there is little in dispute and little time, effort or skill involved. [¶] The Board also recognizes that . . . in many cases a fee based solely on a percentage of permanent [disability] indemnity may be inadequate to compensate an attorney for his services. [¶] To encourage attorneys to render a more balanced service and to increase opportunity for attorneys to be more adequately compensated (particularly in view of increased statutory temporary disability) the following is promulgated as a guideline for the use of the workers' compensation judges. [¶] 1. In cases of average complexity, the Board believes that a reasonable fee will be in the range of 9 percent to 12 percent of the permanent disability indemnity, death benefit or compromise and release awarded. In addition thereto, a fee equivalent to 9 percent to 12 percent of the temporary disability indemnity and out-of-pocket medical benefits to the extent that they are obtained or awarded as a result of applicant's attorney's services

may be allowed. [¶] 2. *In cases of above average complexity, a fee in excess of the normal upper limit of 12 percent applicable to all benefits described in paragraph 1 hereof is warranted.* Such cases may include, but are not limited to: [¶] (a) cases establishing a new or obscure theory of injury or law; [¶] (b) cases involving highly disputed factual issues, where detailed investigation, interrogation of prospective witnesses, and participation in lengthy hearings are involved; [¶] (c) cases involving highly disputed medical issues; [¶] (d) cases involving multiple defendants. . . . [¶] 4. . . . . It should be realized that the time involvement of a recognized specialist, who has demonstrated his skill in the field, is to be valued much more highly on an hourly basis than the time involvement of a person less knowledgeable and skilled in the field of workers' compensation law. [¶] 5. If the record does not establish, to the satisfaction of the workers' compensation judge, a sufficient basis for determining the value of counsel's services, the judge should request counsel to supply the desired information. This need not be done orally on the record or by written communication, but the workers' compensation judge should be satisfied that there is an adequate basis for justifying the fee determination if it should be made an issue." (Second italics added.)

Labor Code section 4453 provides that a permanently totally disabled worker shall receive permanent disability indemnity at a higher weekly rate than a permanently partially disabled worker. (Lab. Code, § 4453, subds. (a), (b).) A permanently partially disabled worker whose permanent disability is at least 70 percent and less than 100 percent receives a life pension after the weekly permanent disability indemnity ceases. (Lab. Code, § 4659, subd. (a).) The life pension is less than permanent total disability payments. (*Ibid.*; Lab. Code, § 4453, subd. (a).)

In *Goler* v. *W & J Sloane Co.* (1979) 44 Cal.Comp.Cases 1065 (in bank), the Board held that, when an employee is found 100 percent permanently disabled, the employee's attorney is entitled to a percentage of 621.25 weeks of permanent disability indemnity at the permanent partial disability indemnity rate rather than a percentage of the present value of permanent total disability indemnity. (*Id.* at p. 1069.) Because the Board found the *Goler* case to be of average complexity and noted the WCJ had expressed concern about the quality of the applicant's attorneys' work, the Board awarded the applicant's attorneys 11.5 percent of 621.25 weeks of permanent partial disability indemnity. (*Id.* at pp. 1069-1070.)

The Board has conceded that the present case was a matter of above-average complexity. The Board has also noted that the present matter involved highly disputed medical issues and numerous hearings.

Although the Board's own guidelines provide that, in cases of above-average complexity, a fee in excess of 12 percent applicable to permanent disability indemnity, temporary disability indemnity, and out-of-pocket medical expenses obtained or awarded through the attorney's services is warranted, the Board gave no explanation for failing to base any part of the $6,000 fee on temporary disability indemnity and any self-procured out-of-pocket medical expenses. Moreover, apart from a brief mention that applicant was found 100 percent permanently disabled, the Board failed to discuss any of the factors listed in California Code of Regulations, title 8, section 10775.

 A statement that an award " 'is reasonable under the circumstances,' " given " 'the time, effort and skill expended by applicant's attorneys on their client's behalf and the result ultimately achieved,' " has been held to constitute neither a statement of the evidence relied upon nor a specification of the reasons for the Board's decision. (*Robert G. Beloud, Inc.* v. *Workers' Comp. Appeals Bd.* (1975) 50 Cal.App.3d 729, 735 [123 Cal.Rptr. 750].) Here, the Board failed to go even that far. Thus, the Board's decision does not comply with Labor Code section 5908.5.

Because the Board's decision does not comply with Labor Code section 5908.5, the Board's decision as to the attorney fee must be annulled and the matter remanded for a decision that states the evidence relied upon and specifies in detail the reasons for the decision as to the attorney fee awarded to Mr. Drasin.

## II

 Petitioner also contends that the Board erred in basing the attorney fee solely on a percentage of permanent disability indemnity payable at the partial permanent disability rate.

 Attorneys are entitled to a careful appraisal of the value of the services rendered. (*Bentley* v. *Industrial Acc. Com.* (1946) 75 Cal.App.2d 547, 549-550 [171 P.2d 532].) Fees should not be fixed solely to save applicants from expense or be so low that competent attorneys will be discouraged from accepting employment in workers' compensation matters. (*Robert G. Beloud, Inc.* v. *Workers' Comp. Appeals Bd., supra*, 50 Cal.App.3d at p. 737.)

 The Board asserts it is uncertain to what extent Mr. Drasin's efforts were responsible for the award of temporary disability indemnity and whether Mr. Drasin enabled applicant to obtain reimbursement of any out-of-pocket medical expenses. The Board should request that counsel provide

information necessary to a proper determination of the fee if the record does not provide an adequate basis to determine the value of counsel's services. (Lab. Code, § 5906; *Reich, Adell, Crost & Perry* v. *Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 225, 236 [160 Cal.Rptr. 218]; cf. *King* v. *Workers' Comp. Appeals Bd.* (1991) 231 Cal.App.3d 1640, 1649 [283 Cal.Rptr. 98]; *Raymond Plastering* v. *Workmen's Comp. App. Bd.* (1967) 252 Cal.App.2d 748, 753 [60 Cal.Rptr. 860].)

Since the Board's own guidelines state that, in cases of above average complexity, a fee in excess of 12 percent applicable to permanent disability indemnity, temporary disability indemnity, and out-of-pocket medical benefits obtained or awarded through counsel's services is warranted, the Board erred in failing to base Mr. Drasin's fee on the amount of these benefits obtained through the efforts of Mr. Drasin and other attorneys in his present and prior firms.

In *Goler* v. *W & J Sloane Co.*, *supra*, 44 Cal.Comp.Cases 1065, the Board noted that section 6.8.4 does not deal expressly with situations in which total permanent disability indemnity has been awarded after April 1, 1974. (*Goler*, *supra*, at p. 1069.) The Board concluded that the difference between a finding of 99 percent permanent disability and 100 percent permanent disability is not so significant that the latter circumstance entitles an applicant's attorney to a fixed percentage of the lifetime award of total permanent disability indemnity. The difference between awards to employees found 99 percent permanently disabled and those found 100 percent permanently disabled, however, is quite significant. (Lab. Code, §§ 4453, subds. (a), (b), 4659.)

Because the present case was a matter of above-average complexity, we need not determine whether the *Goler* formula for computing attorney fees is appropriate in cases of average complexity. We conclude, however, that, in a case of above-average complexity, the *Goler* limitation need not be followed. Limitation of the attorney fee to slightly more than 12 percent of 621.25 weeks of permanent partial disability indemnity may not adequately compensate an attorney in a case of above-average complexity if the attorney has expended a substantial amount of time and provided representation of high quality.

On remand, the Board must adequately consider and discuss the criteria listed in California Code of Regulations, title 8, section 10775 and the Board's own guidelines on attorney fees for cases of above average complexity. The Board should also consider whether, in view of the extent and

quality of the representation of applicant in the present case, the portion of the attorney fee attributable to permanent disability indemnity should be computed based on a percentage of the lifetime award of total permanent disability indemnity at the total permanent disability indemnity rate.

The February 25, 1991, decision after reconsideration by respondent Workers' Compensation Appeals Board regarding the attorney fee awarded to Larry Drasin is annulled, and the matter is remanded to respondent Workers' Compensation Appeals Board for proceedings consistent with the views expressed herein.

Ortega, J., and Vogel, J., concurred.